**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **LUMICO LIFE INSURANCE COMPANY,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **CIVIL ACTION NO.: _____** |
| § | |
| **HOWARD FRANK,** § | |
| § | |
| **Defendant.** § | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Lumico Life Insurance Company ("Lumico"), by and through its undersigned attorneys, hereby files this civil action complaint against Defendant Howard Frank, and in support thereof, avers as follows:

### INTRODUCTION

1.     This is an action seeking a declaratory judgment that two life insurance policies issued by Lumico on Defendant's life are void due to a lack of insurable interest and/or material misrepresentations in the applications for the policies.

### PARTIES

2.     Lumico is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Armonk, New York.  Lumico is duly licensed to transact business in the State of Texas, but is a citizen of Missouri and New York.

3.     Defendant Howard Frank resides at 5618 Kipling Glen Court, Sugarland, Texas, 78479, and is a citizen of Texas.

### JURISDICTION AND VENUE

4.     This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity between Lumico and Defendant.  Because the dispute concerns the

validity of two life insurance policies, with a combined face amount of $750,000, the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this judicial district.

## BACKGROUND

6.      In October 2018, Lumico received an application for a $500,000 life insurance policy on Defendant's life.   In November 2018, Lumico received a second application for a $250,000 life insurance policy on Defendant's life.  *See* Exhibits A & B (true and correct copies of the policies, including the applications, which have been redacted to protect privacy).

7.      On the applications, Defendant was identified as the intended owner of the applied-for policies.  Defendant was also identified as the payor of premium.

8.      Kim Demetro as "spouse/partner" and Michael Frank as "other family member" were identified respective beneficiaries of the applied-for policies.

9.      The applications represented that Defendant resided at 1896 Kirkham Way, Salt Lake City, UT 84129, with a telephone number of 801-396-XXXX.

10.     The applications represented that Defendant had Texas Driver's License No. 19949928.

11.     According to the applications, Defendant digitally signed the applications in Utah.

12.     Among other things, the information solicited by Lumico on the applications was relevant to confirming Defendant's identity and to ensuring that Defendant consented to and was aware of the issuance of the policies.

13.     In reliance on the representations in the applications, Lumico issued Policy No. G0292155 and Policy No. G0340361 (the "Policies"), term life insurance policies with Coverage

Amounts of $500,000 and $250,000, respectively.  The Policies have Issue Dates of October 8, 2018, and November 14, 2018, respectively.  *See* Exs. A & B.

14.     Lumico subsequently received a request to change the Defendant's record address to 5618 Kipling Glen Court, Sugarland, Texas 78479.  *See* Exhibit C.

15.     Lumico recently learned that Defendant's identifying information, including his address and driver's license information, was falsely represented on the applications.

16.     Upon information and belief, Defendant does not (and did not at any point) reside at 1896 Kirkham Way, Salt Lake City, UT 84129, the address represented on the applications.

17.     Upon information and belief, Defendant's driver's license information was misrepresented on the applications.

18.     Upon information and belief, Defendant did not consent to and/or was unaware of the applications for and issuance of the Policies.

19.     Had Lumico known that the applications falsely represented identifying information regarding Defendant and other information, including Defendant's lack of consent to the application for and issuance of the Policies, Lumico would not have issued the Policies.

## COUNT I

20.     Lumico incorporates each of the paragraphs above as if set forth herein at length.

21.     Pursuant to 28 U.S.C. § 2201, Lumico seeks a declaration regarding the rights and obligations of the parties with respect to the Policies.

22.     False identifying information was provided for Defendant on the applications for the Policies.  Lumico requires that applicants provide correct identifying information during the underwriting process.  If false information on an application raises questions as to the true owner of the policy, Lumico will not issue a life insurance policy.

23.     Had Lumico known of the misrepresentations regarding Defendant's identity, including his address and driver's license information, it would not have issued the Policies.

24.     Upon information and belief, the Policies were procured by someone other than Defendant, and Defendant was not aware of and/or did not consent to the applications for or issuance of the Policies.

25.     The Policies therefore lacked an insurable interest at inception and are void *ab initio*.

26.     By letter dated April 24, 2019, Lumico contacted Defendant regarding the false information on the applications and Lumico's position that Defendant did not consent to and/or was aware of the Policies.  Defendant did not respond to Lumico's letters.

27.     Lumico also sought to refund to Defendant the premiums paid on the Policies. Defendant did not negotiate the checks tendered by Lumico for the premiums paid on the Policies.

28.     By letter dated August 9, 2019, Lumico again attempted to contact Defendant. Defendant did not respond to Lumico's letter.

29.     Lumico seeks a declaration that the Policies are void *ab initio* and that it is entitled to retain all of the premiums paid based on the fraudulent procurement of the Policies.

## **RELIEF REQUESTED**

**WHEREFORE**, Lumico respectfully requests that the Court declare that the Policies are void *ab initio* and enter an order permitting Lumico to retain the premiums paid in connection with the Policies.

Respectfully submitted,

*/s/ Scott P. Brinkerhoff*
Scott P. Brinkerhoff
State Bar No. 24069419
Southern Bar No. 1068448
Faegre Drinker Biddle & Reath LLP
1717 Main Street, Ste. 5400
Dallas TX 75201-7367
Phone: (469) 357-2542
Facsimile: (469) 327-0860
scott.brinkerhoff@faegredrinker.com

*Attorney for Plaintiff*
*Lumico Life Insurance Company*